IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re Subpoena Served Upon    )
John David Martino            )   Misc. No. 10-81
                              )

**MEMORANDUM ORDER**

Before the Court is Medrad, Inc.'s Motion to Quash a subpoena <u>duces tecum</u> and a subpoena <u>ad testifacandum</u> directed to its employee, John David Martino, in his individual capacity.[1] The subpoenae were sought by the Defendants, and issued by this Court, in connection with an action currently pending in the Eastern District of Texas. The Texas action involves claims of patent infringement regarding medical injector systems. During years pertinent to the Texas action, Mr. Martino was employed by Plaintiff to that suit as marketing Manager for products at issue in the suit. He joined Medrad, a non-party to the Texas action and competitor of the parties thereto, in 2006.

Medrad objects to the subpoenae on several grounds: a deposition of Mr. Martino would be burdensome to Medrad, as it would remove him from his workplace duties; and there is no need for Mr. Martino's deposition, because the parties have had extensive discovery already. Medrad also generally objects to the possibility of either subpoena reaching proprietary or competitive information, gained by Mr. Martino during his employment with Medrad. As regards the subpoena <u>duces tecum</u> in particular, Medrad states that Mr. Martino

---

[1] Defendant's concerns about Medrad's standing are well-taken. Because Medrad's Motion implicates proprietary information, because the parties did not fully brief the issue, and in the interest of expedience, I will consider the Motion.

has none of the documents sought by the subpoena, and that it has so advised Defendants.[2]

A court may quash or modify a subpoena if it subjects a person to undue burden, or if it requires disclosure of protected matter. Fed. R. Civ. P. 45. Discovery may be limited if the discovery sought is unreasonably cumulative and duplicative, or can be obtained from another less burdensome source, or if the party seeking discovery has had ample opportunity to obtain the information by discovery. Fed. R. Civ. P. 26(b). The movant bears the burden on a motion to quash, and that burden is a "heavy one." Dexter v. Cosan Chem. Corp.,No. 91-5436, 2000 U.S. Dist. LEXIS 22134, at **7-8 (D.N.J. Oct. 24, 2000).

In the first instance, I see no reason to reject, and Defendants appear to accept, the representation that Mr. Martino is not in possession of any documents responsive to the subpoena duces tecum. A lack of possession of documents requested by a subpoena is normally sufficient justification for a motion to quash. See Hussey v. Chase Manhattan Bank, No. 02-7099, 2005 U.S. Dist. LEXIS 15010, at *3 (E.D. Pa. July 26, 2005). Accordingly, although Defendants assert that the issue is moot, it is appropriate to quash the subpoena at issue.

With respect to the subpoena ad testificandum, Defendants represent that the subpoena is directed solely to Mr. Martino's knowledge while employed by

---

[2] Medrad also argues that, even if Mr. Martino possessed responsive documents, the subpoena duces tecum is broad enough to encompass proprietary documents that Mr. Martino may have obtained from Medrad; and that Medrad is likely to be harmed by the disclosure of any such documents. My ruling today is based on Medrad's representation that Mr. Martino is not in possession of responsive documents, proprietary or otherwise. Were I to let the subpoena duces tecum stand, however, I would impose a limitation similar to that imposed on the subpoena ad testificandum. I apprise the parties of this fact in the event that it provides guidance in any future disputes that might arise.

Plaintiff, and that they do not seek any information that Mr. Martino obtained since he became employed by Medrad. I will alleviate Medrad's concerns by ordering that the subpoenae be limited in accordance with Defendants' representations. As regards Medrad's concern about Mr. Martino's absence from work, I know of no authority to support the proposition that an important or busy employee must be excused from complying with a subpoena.[3] Finally, as I am unfamiliar with the discovery proceedings in Texas, I am wholly unable to conclude that Mr. Martino's testimony is so unnecessary as to render the subpoena inappropriate. I do note that Defendant's contentions regarding Mr. Martino's position while employed by Plaintiff and the proposed areas of inquiry suggest to the contrary.

AND NOW, this 26th day of March, 2010, it is hereby ORDERED, ADJUDGED, and DECREED that the Motion to Quash is GRANTED in part and DENIED in part. The subpoena duces tecum will be quashed. The subpoena ad testificandum will not be quashed, but will be modified to the extent that it shall exclude information that Mr. Martino obtained or acquired since he became employed at Medrad, and Mr. Martino shall not be required to provide testimony subject to that limitation.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose
Judge, U.S. District Court

---

[3] Indeed, the United States Supreme Court has stated as follows: "We assume that the testimony of the President, both for discovery and for use at trial, may be taken at the White House at a time that will accommodate his busy schedule…" Clinton v. Jones, 520 U.S. 681, 692, 117 S. Ct. 1636; 137 L. Ed. 2d 945 (1997). I assume that the schedules of Medrad and Mr. Martino can be accommodated as well.